## SMITH *v.* UNDERDUNCK.

Where a parol contract is made for the sale of two parcels of land for a gross price, and the vendor, at the time for completion, conveys one parcel only, and agrees to convey the other presently, and the vendee pays the whole price and enters into possession of both parcels, on receiving the deed for the one; the contract is not merged in such deed, nor is it varied by the vendee's assent to the delay, as to the other parcel. And the vendor's agreement to give the deed for the latter, is not a new parol contract, or a substitute for the first agreement. The conveyance of the one parcel is a part performance of the original contract.

It is a sufficient part performance, to take a parol agreement out of the statute of frauds, for the vendee to take possession of the lands sold, *by virtue* of the agreement, where the assent of the vendor is shown, or is inferrible.

And where there are several parcels sold by one parol contract, it suffices if the vendee pays the price and goes into possession of one parcel only.

Sept. 2, 1844.

THE bill was filed by the heirs of Miles Smith, against the heirs of James Underdunck, for a specific performance of the contract set forth in *Lord* v. *Underdunck*, (ante p. 46,) so far as to obtain a conveyance of the 800 acres. Besides the facts there stated, the bill charged that the deed which was executed, conveyed the great bulk of the property contracted; that Smith went into possession of the whole property embraced in the agreement, and the whole has since remained in the possession

of Smith and his heirs and assigns. His heirs have sold the 800 acres in two parcels, to purchasers who entered and have kept possession, and one of them has built a house and made other permanent improvements on his parcel.

The infant defendant, by his guardian ad litem, demurred to the bill for want of equity.

*T. H. Wheeler*, in support of the demurrer.

*R. Parker*, for the complainants.

THE ASSISTANT VICE-CHANCELLOR.—The defendant's first objection is, that the parol agreement made by his father, was merged in the subsequent deed and writings between the parties.

I think the deed and bonds formed no part of the contract which the bill seeks to have performed. That contract was made before the deed was executed. It was distinct and perfect in its terms. One party agreed to sell and convey all his lands, &c. in Hancock for a gross sum; the other party agreed to pay that sum in two bonds, with security. The defect in it was, that it was not in writing. The bill obviates the defect, by showing that it was almost all performed on the vendor's part, and was wholly performed on the part of the vendee, so that it will work a fraud upon him and his heirs, if it be not enforced as to the residue against the vendor's heirs.

The execution of the deed and bonds was no part of the contract of sale. It was a part performance of that contract.

Smith's consent to receive two deeds, waiting a short time for one of them, and paying the whole purchase money before the second deed was delivered to him, was a waiver of the strict performance of Underdunck's part of the contract, which does not deprive him of the benefit of the contract; and it would be inequitable to give to it that effect, by construing the waiver into a new verbal agreement.

The cases to which I was referred on this point, are those of attempts to explain and vary written instruments by evidence of contemporary parol agreements, or of the negotiations of the terms which were reduced to writing in such instruments.

In those cases, the written instruments were the contracts in question, and the parol stipulations were sought to be engrafted upon the writings, and made a part of the same contracts. In this case the whole agreement is by parol. There was no part of it in writing. No part of it is now in writing. It is a simple executory parol agreement. The deed for the other lands in Hancock, is not evidence of the terms of the agreement. It is evidence of its part performance by Underdunck. It is a written instrument, fulfilling in part the verbal agreement upon which the complainants file their bill. Therefore it does not merge the previous agreement. The rule that all negotiations between the parties prior to, or contemporaneous with the execution of a deed, are merged in it, is not applicable. The error of the argument consists in treating as negotiations, what the bill sets forth as positive contract.

Next, it is urged that the bill does not aver a sufficient part performance to take the case out of the statute of frauds. This objection rests principally on the averment as to taking possession of the premises.

When the case of *Lord* v. *Underdunck*, founded on the contract in question, was before me, (August 7th, 1843,) my impression was, that independent of the possession of the 800 acres, there was enough in the case to make it clear of the statute. I have no doubt upon the subject now. The contract was entire and indivisible, for the sale of all the lands in Hancock and the personal property, for $5,300. In part performance, a conveyance was executed and delivered for all except the 800 acres, and possession of all but that parcel taken and retained by the purchaser. (I leave out of view at present the possession of the 800 acres.) And the payment of the whole price was made to the seller.

These acts were sufficient to relieve the contract from the operation of the statute. I find no authority which requires the buyer to take possession of all the lands sold, in order to make such a part performance as will establish a parol agreement for their sale. The reason assigned for giving this effect to the act of taking possession, is as applicable to entering into a part of the lands sold, as it is to an entry into the possession of the whole. (2 Story's Eq. Jurispr. 66, § 761.)

But I am satisfied that the averment in the bill in regard to the possession of the 800 acres, is sufficient to connect it with the contract. It is alleged that Miles Smith took possession *by virtue* of the agreement, and that Underdunck and his heirs have had no possession of any part of it since the agreement was made.

In *Gregory* v. *Mighell*, (18 Ves. 328. 333,) where the contract did not provide for the possession, and no express assent was proved, the master of the rolls held that as the plaintiff had no other title to possess the land, his possession was prima facie to be referred to the agreement.

In *Harris* v. *Knickerbacker*, (5 Wend. 638,) it was held that possession of land taken and continued by the vendee, although not provided for by the contract, was an act of part performance taking the case out of the statute, it appearing that such possession was taken in consequence of the contract.

The taking possession as stated in the bill, was such an act as could be done with no other view than that of the agreements being performed ; 1 Sugd. on Vend. 10th ed. 199, (141 ;) and it was expressly by virtue of the agreement. The assent of Underdunck is inferrible from the execution of the deed of the other lands, which entitled Smith to the possession of those ; and from the averment that Smith went into the possession of the whole at the same time. If I am right in this inference, the case upon the possession of the 800 acres, is not impugned by any of the authorities cited by the defendant's counsel.

In reference to the consideration, the bonds with security were given and accepted for the price. This was a payment to James Underdunck, and so far as it affects the question before me, no lien or claim upon the land remained for the purchase money.

On these grounds the demurrer to the bill must be overruled.